# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JUAN VELASCO**                                                                **PETITIONER**

**V.**                                          **CIVIL ACTION NO. 3:16CV160 CWR-RLA**

**WARDEN B. MOSELY**                                              **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Juan Velasco filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 on March 3, 2016, seeking a reinstatement of good-conduct credit. At the time of filing, he was incarcerated at the Federal Correctional Complex-Medium in Yazoo City, Mississippi (FCC-Yazoo) serving a 240-month term of imprisonment imposed by the United States District Court for the Central District of California for drug-related offenses.[1] Velasco alleges that disciplinary proceedings, resulting in the loss of good-conduct credit and other privileges, violated his due process rights and the Federal Bureau of Prisons (BOP) regulations. Respondent asserts the petition should be denied because all due process requirements were met, and the evidence was sufficient to support the sanctions imposed. Having considered the

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. §§ 2242-2243. At the time Velasco filed the instant petition, he correctly named Warden B. Mosley, then warden at FCC-Yazoo, as the Respondent. However, a change-of-address, docketed on June 7, 2016, indicates that Petitioner was transferred to the Federal Correctional Institution, Terminal Island, P.O. Box 3007, San Pedro, CA 90731. Notwithstanding, jurisdiction over a § 2241 petition attaches at the time of filing; thus, this court has jurisdiction, notwithstanding his transfer to a different facility and custodian. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

submissions of the parties and the applicable law, the undersigned is of the opinion that the Petition should be dismissed for the reasons that follow.

While confined in the Federal Correctional Institution in Safford, Arizona, Valesco was charged with physically assaulting another inmate. According to the disciplinary hearing report, the incident, which occurred on April 21, 2014, was video recorded and investigated by prison officials. On the surveillance video, Velasco was seen joining a group of inmates associated with the Sureno gang, striking the victim and then fleeing the scene. On July 3, 2014, he was given a copy of the incident report and the opportunity to respond. Velasco denied being involved in the assault and his requests to see the video were to no avail. After reviewing the matter, the Unit Disciplinary Committee ("UDC") referred it to the Disciplinary Hearing Officer (DHO) for further hearing.[2]

A disciplinary hearing was held on July 15, 2014, at which time, Velasco waived staff representation and the right to call witnesses on his behalf. He was found guilty as charged, and sanctioned with a disallowance of 27 days of good-conduct credit, 15 days of disciplinary segregation, and a loss of telephone and visiting privileges for 6 months.

After pursuing administrative remedies, Velasco filed the instant petition arguing his due process rights were violated during the disciplinary proceedings, and challenging the sufficiency of the evidence supporting his disciplinary conviction. Specifically, that prison officials (1) failed to provide him with the incident report within 24 hours after the

---

[2] 11-2.

2

incident; (2) refused to allow him to see video footage of the assault; (3) improperly considered his prior offenses; and, (4) permitted an investigator with a conflict of interest to investigate the underlying incident.

1.

Velasco's contentions that his due process rights were violated are unavailing. The evidence of record reflects that petitioner received all of the procedural due process to which he was entitled. *Wolff v. McDonnell*, 418 U.S. 539 (1974).  He was given (1) advance written notice of the charges at least 24 hours prior to the proceedings; (2) the opportunity to have assistance from a staff representative; (3) the opportunity to present documentary evidence and call witnesses in his defense; and, (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action taken. *Martinez v. Young*, 653 F. App'x 835, 836 (citing *Wolff*, 418 U.S. at 563-70). Contrary to his arguments, "his due process rights were not violated by the prison's failure to adhere strictly to the non-mandatory time limits stated in its rules." *Boatswain v. Martinez*, 519 F. App'x. 253, 254 (5th Cir. 2013).[3]

2.

The Court also rejects Velasco's contention that the DHO's refusal to allow him to see video footage of the incident constituted a due process violation. He claims that he was not present at the altercation and was told by several staff members, including the DHO herself, that he was not visible in the video. This claim is unsubstantiated,

---

[3] 11-2, p. 5.

3

however, and disputed by the DHO, who avers that she viewed the video and concluded that Velasco participated in the assault.

As for Velasco's complaint that his video requests were denied, it is not a violation of an inmate's due process rights to be denied the opportunity to view a surveillance video in a prison disciplinary proceeding.  Inmates facing disciplinary charges are not entitled to the full panoply of rights afforded to defendants in criminal prosecutions. *Wolff,* 418 U.S. 539, 556 (1974).  In declining to find that video denials constitute a due process violation, the Fifth Circuit has explained that "[t]he right to present documentary evidence is not an absolute requirement of due process in prison disciplinary hearings; it is one of a set of flexible factors that the Supreme Court has identified as characteristic of fair hearings."). *Arceneaux v. Pearson,* 449 F. App'x 396, 398 (5th Cir. 2011).  The failure to observe or produce a surveillance video does not in itself render the hearing unfair. *Id; see also Neal v. Casterline,* 129 F. App'x. 113, 114 (5th Cir. 2005) (holding that the DHO's failure to observe a surveillance video did not violate inmate's due process rights); *Clements v. Dobre,* 273 F.3d 1107, at *1 (5th Cir. 2001) (unpublished) (holding that prison's failure to produce video of the incident in question did not violate inmate's due process rights).[4]

---

[4] Further, the Supreme Court has held that while an inmate "should be allowed to call witnesses and present documentary evidence in his defense," he should not be permitted to do so when it would be unduly hazardous to institutional safety or correctional goals." *Wolff,* 418 U.S. at 566.  Although the government in this case has not asserted that producing the videotape would be unduly hazardous to institutional safety or correctional goals, courts applying this language from *Wolff*, have rejected due process claims for this reason.  *See Howard v. Werlinger*, 403 F. App'x 776, 777 (3rd Cir. 2010) ("The BOP does not allow inmates to view surveillance video for security reasons. As noted above, due process does not require that an inmate be allowed to confront the evidence against him. Thus, Howard was not entitled to view the video footage of the incident.").

Due process is satisfied if there is "at least 'some basis in fact' or a 'modicum of evidence' to support the disciplinary conviction.'" *Superintendent, Massachusetts Corr. Inst. v. Hill,* 472 U.S. 445, 454–56, (1985)." Such evidence exists here. Although Petitioner maintains that he did not participate in the assault, the DHO rejected that defense as contradicted by the reporting officer's written account and video footage. Velasco was identified on the video by prison officials who observed him striking and kicking the victim. The DHO, herself, viewed the video, and determined that it was not exculpatory. She provided Velasco with a written report of the evidence relied on in making her decision, including a description of the video contents. "[D]ue process did not require that [she] do more." *Estrada v. Holinka*, 420 F. App'x. 602, 605 (7th Cir. 2011) (unpublished opinion).

3.

Petitioner's claim that he was prejudiced by the DHO's consideration of his disciplinary record also fails. According to Velasco, his previous assault violations were committed years earlier, and he has since made efforts to rehabilitate. Petitioner fails to show how the DHO's consideration of his disciplinary record in any way affected his due process rights.

4.

Lastly, Velasco claims that his due process rights were violated because the "investigator of the alleged prohibited act was also [on] the UDC Committee" in

5

violation of BOP regulations. Respondent notes that SIS Technician Clint Cranford was the investigator and the incident report shows that he was not a member of the UDC. Velasco does not dispute this assertion. Thus, this claim appears to be without a factual basis.

However, to the extent Velasco is asserting that his disciplinary proceedings were not impartial, the undersigned finds nothing of record to substantiate this allegation. An inmate is entitled to have a charge against him determined by an impartial decision maker. *Wolff*, 418 U.S. at 563-72. The record does not reflect that the DHO in this case was in any way involved in the facts giving rise to Petitioner's charges, or the investigation. She was not the reporting or investigating officer, a member of the UDC, nor a witness to the incident. *Pedraza v. Meyer*, 919 F.2d 317, 320 (5th Cir. 1990) Thus, there is no basis to conclude that the DHO was not impartial.

"Revocation of good time credits is not comparable to a criminal conviction. . .," *Hill* 472 U.S. at 455; "only where there is no evidence whatsoever to support the decision of the prison officials" will a prison disciplinary decision be overturned. *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994). As the record here demonstrates that there was at least some evidence to support the finding of guilt, the DHO's finding should not be disturbed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and

Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on December 28, 2018.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
